# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SKRIP,<br>    Plaintiff | Civil No. 3:15-cv-2408 |
| | (Judge Mariani) |
| v. | |
| EDWARD BUTLER,<br>    Defendant | |

## MEMORANDUM

### I. Background

Plaintiff, Joseph Skrip, an inmate currently confined at the State Correctional Institution, at Camp Hill, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The named Defendant is Edward Butler, identified as a kitchen staff employee at SCI-Camp Hill. (Doc. 1, at 2). By Order dated December 22, 2015, Plaintiff was permitted to proceed *in forma pauperis* and process was issued. (Docs. 7, 9). Plaintiff was forewarned that, "[i]f service is unable to be completed due to Plaintiff's failure to properly name the Defendant, or provide an accurate mailing address for the Defendant, he will be required to correct this deficiency. If Plaintiff fails to comply, his claims against the Defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." (Doc. 7, ¶ 5). Defendant was unable to be served. Therefore, on May 2, 2016, an Order was issued directing Plaintiff to provide the Court with the correct address for Defendant. (Doc. 20). Plaintiff was again warned that if service was unable to be completed due to Plaintiff's failure to provide an accurate address for Defendant, his claims against the Defendant may

be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 20). To date, Plaintiff has failed to provide an accurate address for Defendant Butler, and he has not been served. Accordingly, Defendant Butler will be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

The Court has nevertheless conducted a screening of the complaint, and for the reasons set forth below, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. **Federal Rule of Civil Procedure 4(m)**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Defendant Butler was never properly served in this case, nor has an attorney entered an appearance on his behalf. Defendant Butler was named in the complaint filed on December 14, 2015. (Doc. 1). Five months have passed since such time. Therefore, this non-served Defendant will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he has not been served within 90 days of the date on which he was named as a Defendant in this case.

## III. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

### A. Discussion

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). See also Barna v. City of Perth Amboy, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d

121, 130 (3d Cir. 2010).

In the instant action, Plaintiff's claims are based solely on the alleged verbal abuse and sexually charged comments by Defendant Butler. (Doc. 1, at 3). General verbal harassment and antagonizing have been found to not constitute an actionable adverse action. *See Marten v. Hunt*, 479 F. App'x 436 (3d Cir. 2012); *Frazier v. Daniels*, No. 09-2316, 2010 WL 2040763, at * 11 (E.D. Pa. May 20, 2010); *Burgos v. Canino*, 641 F. Supp.2d 443, 456 (E.D. Pa. 2009).

Additionally, Plaintiff seeks "compensatory damages for the stress and emotional anguish" he suffered as a result of the alleged verbal abuse. (Doc. 1, at 3). However, absent an allegation of physical injury, Plaintiff cannot obtain compensatory damages. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000) (concluding that mental and emotional distress cannot support a claim for compensatory damages). Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *See Martinez v. United States*, 2012 U.S. Dist. LEXIS 129809, 29-30 (M.D. Pa. 2012) (Mannion, M.J.) (recommending that the motion to dismiss the prisoner's claim for compensatory damages be granted because he did not allege any physical injury attributable to emotional distress from the defendants' actions), *adopted by*, 2012 U.S. Dist. LEXIS 129815 (M.D. Pa. 2012) (Caldwell, J.) (citing

*Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003)). "[T]he law is clear that an inmate cannot recover for emotional injury if no physical harm is stated." *Morales v. Beard*, 2011 U.S. Dist. LEXIS 78308, *19 n.9 (M.D. Pa. 2011) (Blewitt, M.J.), *adopted by*, 2011 U.S. Dist. LEXIS 78303 (M.D. Pa. 2011). Therefore, the complaint will be dismissed for failure to state a claim.

## IV. Conclusion

Based on the foregoing, the Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed without prejudice. An appropriate Order shall issue.

Date: May 23, 2016

Robert D. Mariani
United States District Judge