IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SKRIP, | Civil No. 3:15-cv-2408 |
| Plaintiff | (Judge Mariani) |
| v. | |
| EDWARD BUTLER, | |
| Defendant | |

## MEMORANDUM

### I.  Background

Plaintiff, Joseph Skrip, an inmate currently confined at the State Correctional Institution, at Camp Hill, Pennsylvania ("SCI-Camp Hill"), initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The named Defendant is Edward Butler, identified as a kitchen staff employee at SCI-Camp Hill. (Doc. 1, at 2). Previously by Memorandum and Order dated May 23, 2016, the Court dismissed Defendant Butler from this action pursuant to Federal Rule of Civil Procedure 4(m), dismissed the complaint without prejudice, and closed the case. (Docs. 24, 25).

Presently before the Court is Plaintiff's motion for reconsideration (Doc. 26) of this Court's May 23, 2016 Order. For the reasons set forth below, the motion for reconsideration will be denied.

### II.  Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility. It may be used only to seek

remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. Discussion

In the instant motion for reconsideration, Plaintiff argues that he provided the Court with "the only address of the Defendant." (Doc. 26). The following procedural history reveals that the Defendant was never properly served, and Plaintiff fails demonstrate any grounds warranting reconsideration of this Court's May 23, 2016 Memorandum and Order.

By Order dated December 22, 2015, Plaintiff was permitted to proceed *in forma pauperis* and process was issued. (Docs. 7, 9). Plaintiff was forewarned that, "[i]f service is unable to be completed due to Plaintiff's failure to properly name the Defendant, or provide an accurate mailing address for the Defendant, he will be required to correct this deficiency. If Plaintiff fails to comply, his claims against the Defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." (Doc. 7, ¶ 5). Defendant was unable to be served. Therefore, on May 2, 2016, an Order was issued directing Plaintiff to provide the Court with the correct address for Defendant. (Doc. 20). Plaintiff was again warned that if service was unable to be completed due to Plaintiff's failure to provide an accurate address for Defendant, his claims against the Defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 20). Plaintiff nevertheless failed to provide an accurate address for Defendant Butler. Defendant Butler was never properly served in this case, nor

has an attorney entered an appearance on his behalf. Accordingly, this non-served Defendant was dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as he was not served within 90 days of the date on which he was named as a Defendant in this case. (Docs. 24, 25); FED. R. CIV. P. 4(m).

After determining that the Defendant should be dismissed from this action, the Court nevertheless addressed the merits of the complaint and determined that it failed to state a plausible claim for relief. The Court noted that Plaintiff's claims are based solely on the alleged verbal abuse and sexually charged comments by Defendant Butler. (Doc. 1, at 3; Doc. 24, at 5). Notably, general verbal harassment and antagonizing have been found to not constitute an actionable adverse action. See Marten v. Hunt, 479 F. App'x 436 (3d Cir. 2012); Frazier v. Daniels, No. 09-2316, 2010 WL 2040763, at * 11 (E.D. Pa. May 20, 2010); Burgos v. Canino, 641 F. Supp.2d 443, 456 (E.D. Pa. 2009).

It was further observed that Plaintiff sought "compensatory damages for the stress and emotional anguish" he suffered as a result of the alleged verbal abuse. (Doc. 1, at 3; Doc. 24, at 5). The Court determined that, absent an allegation of physical injury, Plaintiff cannot obtain compensatory damages. (Doc. 24, at 5) (citing Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000) (concluding that mental and emotional distress cannot support a claim for compensatory damages)). Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see *Martinez v. United States*, 2012 U.S. Dist. LEXIS 129809, 29-30 (M.D. Pa. 2012) (recommending that the motion to dismiss the prisoner's claim for compensatory damages be granted because he did not allege any physical injury attributable to emotional distress from the defendants' actions), *adopted by*, 2012 U.S. Dist. LEXIS 129815 (M.D. Pa. 2012) (citing *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003)). "[T]he law is clear that an inmate cannot recover for emotional injury if no physical harm is stated." (Doc. 24, at 5) (citing *Morales v. Beard*, 2011 U.S. Dist. LEXIS 78308, *19 n.9 (M.D. Pa. 2011), *adopted by*, 2011 U.S. Dist. LEXIS 78303 (M.D. Pa. 2011)).

In light of the foregoing, the Court finds that the May 23, 2016 Memorandum dismissing the complaint is not troubled by manifest errors of law or fact.

## IV. Conclusion

In the motion for reconsideration, Plaintiff fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, Plaintiff has failed to demonstrate a need to reconsider the May 23, 2016 Memorandum and Order. That Order is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected the decision. Accordingly, the

motion for reconsideration will be denied.

An appropriate Order shall issue.

Date: December 19th, 2016

_____
Robert D. Mariani
United States District Judge